OPINION
{¶ 1} Appellant Mark A. Lloyd ("Lloyd") timely appeals a Judgment Entry of Sentence from the Lake County Court of Common Pleas following a conviction for robbery, a felony of the second degree. Lloyd entered a written guilty plea to the charge of robbery, a violation of 2911.02(A)(1). The trial court sentenced Lloyd to a prison term of four (4) years for this conviction. Lloyd was also ordered to pay restitution, court costs and costs of prosecution. As a result of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the statutes utilized by the trial court in rendering Lloyd's sentence have been declared unconstitutional and therefore we must vacate Lloyd's sentence and remand for resentencing consistent with Foster.
 {¶ 2} Lloyd asserts four (4) assignments of error:
 {¶ 3} "[1.] The trial court erred to the prejudice of the Appellant when it sentenced him to prison which sentence is contrary to law.
 {¶ 4} "[2.] The trial court violated the Appellant's rights to equal protection and due process of law under theFifth Amendment and Fourteenth Amendment to the United States Constitution and Sections 2, 10 and 16 of Article One of the Ohio Constitution when it sentenced him contrary to Ohio Revised Code Section 2929.11(B).
 {¶ 5} "[3.] The trial court erred to the prejudice of the Appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 6} "[4.] The trial court erred when it sentenced the Defendant-Appellant to prison instead of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the Defendant-Appellant in violation of the Defendant-Appellant's state and federal constitutional rights to trial by jury."
 {¶ 7} It is necessary to comment on the nature of Lloyd's sentence prior to reaching any discussion on his assignments of error as the very nature of the sentence is dispositive of Lloyd's appeal. The trial court relied on Ohio Revised Code Section 2929.14(B) and 2929.14(C) in rendering its sentence to Lloyd. In doing so, the trial court made certain judicial findings of fact. The Supreme Court of Ohio has recently held this type of judicial fact-finding unconstitutional. Id. Accordingly, Lloyd's sentence is void and must be vacated.
 {¶ 8} In Foster, the Supreme Court held that R.C.2929.14(B) and 2929.14(C) violate a defendant's Sixth Amendment right to a jury trial by replacing the judge as the fact-finder in lieu of the jury. Apprendi v. New Jersey (2000),530 U.S. 466; Blakely v. Washington (2004), 542 U.S. 296. This holding placed the Ohio sentencing statutes at risk in their entirety. Therefore, the Supreme Court determined that severing the unconstitutional provisions of those Revised Code statutes would serve as an appropriate remedy. "All references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern." Foster at ¶ 96. After severance, R.C.2929.14(B) and 2929.14(C) are without meaning as "judicial findings are unconstitutional." Id. at ¶ 97.
 {¶ 9} After the severance of the applicable statutes, the trial court is entrusted with full discretion in meting out sentences. While this case was pending on direct review, the decision in Foster was released. As a result, Lloyd's sentence is void, must be vacated and remanded for resentencing. Foster
at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing the maximum sentence or more than the minimum sentence. Id. at paragraph seven of the syllabus. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The discretion is left to the trial court. "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105.
 {¶ 10} Due to the fact that Lloyd's third and fourth Assignments of Error each invoke an analysis of those portions of R.C. 2929.14(B) and R.C. 2929.14(C) that are now unconstitutional post-Foster, we find that Lloyd's third and fourth assignments of error are well-taken.
 {¶ 11} Lloyd's remaining assignments of error pertain solely to sentencing and therefore are moot since this matter must be remanded for re-sentencing pursuant to Foster.
 {¶ 12} In light of Foster, the judgment of the Lake County Court of Common Pleas is reversed. This case is remanded for proceedings to resentence consistent with this opinion pursuant to Foster.
William M. O'Neill, J., Colleen M. O'Toole, J., concur.